IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GS HOLISTICS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-1024-L** |
| § | |
| **OMS INVESTMENT, LLC** § | |
| **d/b/a ISMOKE TOBACCO & GIFT** § | |
| **SHOP; SAUD SALMAN; and OMAR** § | |
| **ALHAWEIL,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Vacate or, Alternatively, Amend Judgment ("Motion") (Doc. 19) in response to the court's Amended Judgment (Doc. 18), filed July 26, 2024. After carefully considering the Motion, record, and applicable law, the court **grants** Plaintiff's Motion.

### I.   Factual Background

The facts set forth in this section are essentially the same as those in the court's June 21, 2024 Memorandum Opinion and Order. GS Holistics ("Plaintiff") brought this action against OMS Investment LLC d/b/a ISmoke Tobacco & Gift Shop, Saud Salman, and Omar Alhaweil ("Defendants") for alleged (1) trademark counterfeiting and infringement; and (2) false designation of origin and unfair competition under the Lanham Act with respect to Plaintiff's "G Pen" products such as portable vaporizers and accessories. After default was entered against Defendants, Plaintiff moved for entry of a default judgment. Plaintiff seeks statutory damages in

**Memorandum Opinion and Order – Page 1**

the amount of $250,000 ($50,000 per mark) and costs under the statute totaling $737.14. Plaintiff also requests a permanent injunction against Defendants and an order requiring Defendants to turn over all infringing materials for destruction.

After conducting a lengthy analysis of Plaintiff's Complaint, contentions, and all of the evidence submitted, the court concluded that Plaintiff had not established all requirements for its Lanham Act claims and all prerequisites for entry of a default judgment against Defendants. On June 21, 2024, the court, therefore, entered a memorandum opinion and order **denying without prejudice** Plaintiff's Motion for Default Judgment ("Motion for Default") (Doc. 14) and **ordered** Plaintiff to file an Amended Complaint **on or before July 22, 2024,** to correct the deficiencies set forth by the court. It did not do so by the deadline stated by the court, and on July 26, 2024, the court **dismissed with prejudice** the action against Defendants. Plaintiff now seeks reconsideration of the court's July 26, 2024 Amended Judgment pursuant to Federal Rule of Civil Procedure 59(e).

II.  **Applicable Standards**

A.  **Rule 59(e) Legal Standard**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).  This remedy is " an extraordinary remedy that should be used sparingly." *Id.* at 479. Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted).  It may not be

Memorandum Opinion and Order – Page 2

used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes that the motion is necessary: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021).

When a motion seeks to reopen a judgment on the pleadings to amend the pleadings, the disposition of the motion to vacate under Rule 59(e) should be governed by the same considerations as Rule 15(a); however, a post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Federal Rule of Civil Procedure 59. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citation omitted); *Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir. 2000). District courts may deny a plaintiff leave to amend when it did not exercise diligence, including attempting to raise facts that were available previous to the district court's opinion. *Stevens v. St. Tammany Par. Gov't,* 17 F.4th 563, 575 (5th Cir. 2021) (citation omitted). "[I]t is not an abuse of discretion to deny such leave [when] the plaintiff 'had the opportunity to cure and failed.'" *Id.* (citation omitted).

### B.  Standard for Amendment of Pleadings After Entry of Judgment

In *Rosenzweig,* the Fifth Circuit explained that, when leave is sought to amend pleadings after entry of a final judgment, such a request may only be made by appealing the judgment or seeking to alter or reopen the judgment under Rule 59 or 60. *Rosenzweig*, 332 F.3d at 864.

Memorandum Opinion and Order – Page 3

Because the action in *Rosenzweig* had been dismissed with prejudice in an order titled "FINAL JUDGMENT," the Fifth Circuit concluded that the plaintiffs' postjudgment motion to alter or amend the judgment, and for leave to amend their complaint "must be treated as a motion under Rule 59(e), not Rule 15(a)." *Id*. (citation omitted). The Fifth Circuit, nevertheless, determined that "the considerations for a Rule 59(e) motion are governed by Rule 15(a)" when a postjudgment request to amend pleadings is made because:

> [w]he[n] judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that, therefore, the motion to vacate should have been granted. Thus, the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).

*Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981)).

The Fifth Circuit in *Rosenzweig* went on to note that the considerations in determining whether to grant or deny leave to amend a complaint under Rule 15(a) include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig*, 332 F.3d at 864 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *Rosenzweig* explained that, "[a]bsent such factors, the leave sought should . . . be freely given." *Rosenzweig*, 332 F.3d at 864. As demonstrated by *Rosenzweig* and other Fifth Circuit opinions, however, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.

**Memorandum Opinion and Order – Page 4**

## III. Discussion

In its Motion, Plaintiff requests the court to reconsider and vacate its judgment of dismissal and allow it to file an Amended Complaint, or, in the alternative, it requests the court to amend its Amended Judgment as being without prejudice (Doc. 19). It seeks this relief for four reasons: (1) because the amendment is not futile, (2) there is no undue delay, bad faith, or dilatory motive in its request, (3) it did not repeatedly fail to cure deficiencies, and (4) there is no undue prejudice to Defendants. *Id.*

Plaintiff's first contention is that amendment is not futile because the proposed Amended Complaint addresses the deficiencies the court identified in its June 21, 2024 Memorandum Opinion and Order (Doc. 14). *Id.* at 4. It contends that the Amended Complaint includes photographs that address the issue that was deficient in its original Complaint. *Id.* It further contends that the Amended Complaint provides photographs of its products and Defendants' alleged counterfeit products for visual comparison and also makes sufficient factual allegations as to the products being identical. *Id.* at 5. Thus, it concludes that granting leave to amend to file an Amended Complaint is not futile.

Plaintiff's second contention is that there is no undue delay, bad faith, or dilatory motive in its request. *Id.* Plaintiff contends that it could not act in a timely manner to file its Amended Complaint as ordered by the court. *Id.* It further contends that although Rule 15(a) does not impose a time limit for permissive amendment Plaintiff, at some point, time delay on the part of a plaintiff can be procedurally fatal. *Id.* (citing *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004)). Plaintiff contends that in these cases, it must show that delay is "due to oversight, inadvertence, or excusable neglect" and that it contends it only committed excusable neglect. *Id.* Moreover, it contends that in determining whether excusable neglect was present, the court

Memorandum Opinion and Order – Page 5

should consider "(1) the possibility of prejudice to opposing parties, (2) the length of the movant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Id.* at 6 (citing *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)). Plaintiff asserts that its delay was because the local counsel is a solo practitioner and the corporate counsel is responsible for calendaring dates, but due to recent staff changes, the deadline was missed. *Id.* at 6.

Plaintiff's excusable neglect argument is misguided for at least two reasons. First, it is Federal Rule of Civil Procedure 60(b)(1) that provides relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect, not Rule 59(e). Second, even if excusable neglect were a factor, the court considered in its analysis, this factor would not weigh in favor of Plaintiff. The Fifth Circuit in *Trevino* held that "A party has a 'duty of diligence to inquire about the status of a case,'" and "'[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (citations omitted). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (citation omitted). Here, Plaintiff's counsel's failure to adhere to the court's deadlines amounts to carelessness and misapprehension of the court's rules. Plaintiff did not file its Motion pursuant to Rule 60(b)(1), and thus it is not germane to the court's analysis. Accordingly, the court disregards any argument Plaintiff makes based on Rule 60(b)(1).

Third, Plaintiff contends that it did not repeatedly fail to cure deficiencies. *Id.* at 7. It contends that the Memorandum Opinion and Order was the first order in which the court ordered Plaintiff to cure the deficiencies in its Complaint. *Id.* As a result, Plaintiff argues that the failure

**Memorandum Opinion and Order – Page 6**

to do so was not repeated and that the failure to amend was because of an internal technical, procedural error, not a failure in the merits, which has been remedied. *Id.*

Finally, Plaintiff contends that there is no undue prejudice to Defendants. *Id.* at 8. It contends that an amendment causes undue prejudice if it would require the non-movants to reopen discovery and prepare to defend against new claims or theories. *Id.* (citing *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004)). Plaintiff further contends that because there are no new claims or theories in its Amended Complaint, it would not be detrimental to Defendants. *Id.* Further, it contends that because there has been no discovery or response by Defendants, there would be no prejudice, and it requests the court grant leave.

While Plaintiff has not met the requirements pursuant to Rule 59(e), the court determines that it has met the requirements pursuant to Rule 15(a). *See EMC Corp.,* 393 F.3d at 595 ("A district court must possess a substantial reason to deny a request for leave to amend.") Here, Plaintiff is merely seeking to comply with the court's order to cure the deficiencies previously identified. Further, because Defendants have not appeared in this action, there is no scheduling order, and discovery has not been conducted, the court cannot find a substantial reason for denying Plaintiff's Motion. As previously stated, Defendants have not appeared, so allowing this amendment will not cause considerable delay. Second, there is nothing from which the court can infer that Plaintiff acted in bad faith or with a dilatory motive. Third, Plaintiff has not repeatedly failed to cure deficiencies unduly prejudicing Defendants.  Finally, there is no undue prejudice to Defendants, and allowing Plaintiff to amend would not be futile. The court, therefore, determines that denial of the Motion would be unwarranted and that Plaintiff should be granted leave to amend.

### IV. Conclusion

After careful consideration of the Motion, record, and applicable law, the court **grants** Plaintiff's Motion to Vacate or, Alternatively, Amend Judgment (Doc. 19); and **vacates** the Memorandum Opinion and Order (Doc. 14) and Amended Judgment (Doc. 18), entered on July 26, 2024. The court **orders** Plaintiff to file an original and a copy of its "Amended Complaint for Injunctive Relief and Damages" with the clerk of court **by March 21, 2025**. Moreover, Plaintiff must properly serve Defendants with the Amended Complaint by **5:00 p.m. on April 10, 2025**. Failure to serve Defendants by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m), unless Plaintiff moves for an extension and shows good cause for its failure to serve them by this date.

If Defendants fail to appear, again, Plaintiff may move for entry of default and file an Amended Motion for Default Judgment that cures all of the deficiencies identified by the court in its **vacated** memorandum opinion and order and complies with all applicable Local Civil Rules. Failure to comply with these directives may result in the dismissal with prejudice of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order. **This will be the final opportunity for Plaintiff to cure the deficiencies in its pleadings. Plaintiff will not receive any additional extensions. Further, failure to comply with court orders in the future may result in this action being dismissed with prejudice.**

**It is so ordered** this 17th day of March, 2025.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge